IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JENIFER LYNE KNIGHTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00792-P-BP |
| | § | |
| UNIVERSITY OF TEXAS AT ARLINGTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE AND ORDER**

Before the Court are Plaintiff's Motion to Vacate and Motion to Relieve Plaintiff from a Judgment (ECF No. 79), the Response of Defendant The University of Texas at Arlington ("UTA") (ECF No. 83), and Plaintiff's Reply (ECF No. 85). After considering the pleadings, briefs, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DENY** the motion to the extent it requests that the Court vacate the Memorandum Opinion and Order entered on March 27, 2020 (ECF No. 49). The undersigned **DENIES** the motion as it relates to Plaintiff's request that the Court vacate its Order Requiring Scheduling Conference and Report for Contents of Scheduling Order (ECF No. 50), Scheduling Order (ECF No. 60), Order granting UTA's Motion to Compel (ECF No. 65), and Order Granting in part Extension of Time to File Dispositive Motions (ECF No. 74).

**I. BACKGROUND**

This is a discrimination case in which Plaintiff, Jennifer Knighton ("Knighton"), claims that UTA violated Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) in connection with an educational course in which

Knighton formerly was enrolled. ECF No. 31. The pending motion attacks the Court's previous Memorandum Opinion and Order dated March 27, 2020, addressing Defendants' Motion to Dismiss (ECF No. 49), and other orders the undersigned entered during the course of pretrial management of the case. Specifically, Knighton seeks relief from the referenced Memorandum Opinion and Order and other Orders under Federal Rules of Civil Procedure 6(b)(1)(A) and (B); 7(1); 16(b); 60(b)(1), (3), (4), and (6); 60(d)(3); and Local Civil Rules 6, 7, and 16.1.

## II. ANALYSIS

Federal Rule of Civil Procedure 6(b)(1) provides for extensions of time "for good cause" if the Court acts, or a request for extension is made, before the original or extended deadline expires (subsection (A)) or afterward if the party "failed to act because of excusable neglect" (subsection (B)). Fed. R. Civ. P. 6(b)(1)(A) and (B). Rule 7 outlines the pleadings available in federal court and states the rules that apply to motions. Rule 16(b) provides the rules for scheduling cases in federal court. Fed. R. Civ. P. 16(b).

Federal Rule of Civil Procedure 60(b) provides for relief from final judgments, orders, or proceedings. Fed. R. Civ. P. 60(b). The rule permits relief for six enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect;" "fraud … misrepresentation, or misconduct by an opposing party;" a void judgment; and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (4), and (6). Subsection six "is a catchall provision that allows a court to grant relief 'from a final judgment, order, or proceeding' for 'any other reason that justifies relief.'" *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017). To secure relief under Rule 60(b)(3) for fraud or misconduct, the moving party show by clear and convincing evidence that fraud or misconduct occurred and that the party was prevented from being able to fully and fairly presenting the case to the court. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1341 (5th Cir. 1978).

Local Civil Rule 6.1 concerns the time when a pleading is deemed filed, Rule 7 governs motion practice in the Court, and Rule 16.1 lists the types of cases that are exempt from the scheduling and planning requirements of Fed. R. Civ. P. 16(b).

Knighton presents no compelling reasons why the Court should vacate its Memorandum Opinion and Order of March 27, 2020 dismissing some of her claims. *See* ECF No. 49. Instead, she re-urges the same grounds of alleged "fraud on the Court" and alleged misconduct by Judge Pittman that she raised in her Motion to Recuse or Disqualify (ECF No. 76). As Judge Pittman stated in denying that motion, "to the extent Plaintiff disagrees with the Court's March 27, 2020 order, Plaintiff is free to appeal it, and the undersigned has no doubt the Fifth Circuit will reverse the decision if Plaintiff meets her burden on appeal." *Knighton v. The University of Texas at Arlington*; No. 4:18-cv-00792-P-BP, 2021 WL 710401, at *2 (N.D. Tex. Feb. 9, 2021). Knighton's conclusory arguments made in the pending Motion likewise express her disagreements with the Court's ruling in the Memorandum Opinion and Order. Knighton may appeal the ruling contained in that order when a final judgment is rendered in this case, but her request for relief under Rule 60(b) is unavailing. Accordingly, Judge Pittman should deny the Motion to the extent it seeks relief from the Court's Memorandum Opinion and Order dated March 27, 2020.

Knighton also seeks relief from the Court's order requiring a scheduling conference, order setting the pretrial schedule in this case, order granting UTA's Motion to Compel, and order granting in part UTA's motion to extend the deadline for filing dispositive motions. Knighton fails to present good cause supporting her requests that the Court vacate these rulings.

Knighton is correct that because she is a plaintiff proceeding *pro se*, the strict requirements of Federal Rule of Civil Procedure 16(b) do not apply to this case. *See* Local Civil Rule 16.1. However, the Local Civil Rule does not contemplate that the Court cannot enter a scheduling order

in such a case. The record reflects that the Court entered an order for the parties to confer and propose deadlines for a scheduling order on March 30, 2020. ECF No. 50. According to their Joint Report, Knighton and counsel for UTA conferred by telephone on April 6, 2020 and filed the report on April 29, 2020. ECF No. 56. The Court entered its Scheduling Order in due course. ECF No. 60. Knighton offers no compelling reasons why the Court should reopen discovery and revise other deadlines contained in that order. Although she argues that she suffered family emergencies, had particular difficulties in dealing with the COVID-19 pandemic, and experienced personal mental health issues (*see* ECF No. 75 at 2), Knighton has offered no evidence of any additional discovery that she requires in the case or how she has been prejudiced by her lack of discovery. As the record reflects, Knighton has filed numerous motions, briefs, and other pleadings during the period when the Scheduling Order was in effect. Apparently, she was able to file those papers despite her other issues. Nevertheless, she has presented no compelling evidence for why she could not comply with the customary pretrial activities, including conducting discovery with UTA, during the time periods allowed.

Likewise, Knighton fails to show why the Court should revisit its Order granting UTA's Motion to Compel. ECF No. 65. The Court considered UTA's Motion and Knighton's arguments against it in a telephone conference held on October 28, 2020. The Order speaks for itself, and Knighton has offered no just cause for why the Court should vacate its order compelling her to respond to UTA's discovery.

Finally, the Court concludes that Knighton has not shown any grounds why the Court should revisit its previous order granting in part UTA's motion to extend the deadline for filing dispositive motions. ECF No. 74. The Court granted an extension to that deadline, though not for as long as UTA requested. UTA timely filed its Motion for Summary Judgment, but Knighton

filed no dispositive motion. Nor has she offered any explanation for how she was prejudiced by the Court's order. Accordingly, the Court denies her Motion to Vacate its previous order (ECF No. 74).

## III. CONCLUSION

Knighton has failed to show adequate reasons why the Court should vacate its Memorandum Opinion and Order (ECF No. 49) entered on March 27, 2020. The undersigned therefore **RECOMMENDS** that Judge Pittman **DENY** Knighton's motion to the extent it concerns the Memorandum Opinion and Order. Because Knighton has failed to show excusable neglect and good cause for vacating the Order Requiring Scheduling Conference and Report for Contents of Scheduling Order (ECF No. 50), Scheduling Order (ECF No. 60), Order granting UTA's Motion to Compel (ECF No. 65), and Order Granting in part Extension of Time to File Dispositive Motions (ECF No. 74), the Court **DENIES** the motion as it relates to those orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

5

court, except upon grounds of plain error. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** and **ORDERED** on May 24, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE